UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, RIVERSIDE COUNTY, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00801-CDB (PC)<br><br>**ORDER TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |

      Plaintiff Frank Monaco Bazzo ("Plaintiff") is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that the Riverside County Superior Court violated his Eighth Amendment rights by excessively fining Plaintiff in connection with his sentencing. *Id.* at 1, 3.

      The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, Plaintiff seeks relief in connection with a $10,000.00 fine imposed by the Riverside County Superior Court in September 2008. Because a substantial part of the events giving rise to Plaintiff's claim occurred in connection with Plaintiff's sentencing in Riverside County and because Defendants are either Riverside County or Orange County residents, Plaintiff's action should have been filed in the United States District Court for the Central District of California.

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974). Under the circumstances pleaded in Plaintiff's complaint, this Court lacks personal jurisdiction over the named Defendants.

Accordingly, IT IS HEREBY ORDERED that this case is transferred to the U.S. District Court for the Central District of California. *See* 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: **July 11, 2024**

UNITED STATES MAGISTRATE JUDGE

2